FILED '08 AUG 05 14:37 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC BRENT BARBEE,

        Petitioner,      Civil No. 087-814-TC

        v.             FINDINGS AND
                          RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner's Application to proceed in forma pauperis (#1) should be denied as moot because petitioner paid the filing fee.

    Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his December 17, 2002, convictions and sentence on grounds of ineffective assistance

1 - FINDINGS AND RECOMMENDATION

of trial and appellate counsel.

Petitioner's convictions were affirmed without opinion by the Oregon Court of Appeals on January 10, 2007, and the Oregon Supreme Court denied review on July 31, 2007.

Petitioner alleges that a state court post-conviction proceeding concerning the same conviction and claims in this proceeding was filed on June 25, 2008, and is still pending in the Marion County Circuit Court.

Petitioner alleges that he filed the petition in this case as a "place-holder" and seeks to have it held "in abeyance" until the conclusion of his state post-conviction proceeding.

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date a direct appeal is final to file a petition under 28 U.S.C. § 2254. The one year limitations period is tolled during the time a state collateral proceeding is pending.

There is no compelling reason to file a "place-holder" petition under the circumstances of this case. Petitioner's ineffective assistance of counsel claims are garden variety habeas claims and there is no reason for a pre-emptive petition to be held in "abeyance." Petitioner's claims are in essence stayed by operation of law as explained above.

Therefore, petitioner's Petition (#2) should be denied without prejudice to file his claim (within the limitations period) after the conclusion of his pending state post-conviction proceeding.

**Petitioner is advised:** Time elapsed after finality and before collateral filing, and time after the final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999). This means that the period of time after the final judgment in petitioner's direct and before petitioner filed his state post-conviction appeal has already counted towards the one year limitations. In addition: Tolling of the limitations period ceases immediately upon the final disposition of the state collateral (post-conviction) proceeding. In other words, the clock begins to run again at the conclusion of petitioner's state court proceedings.

Petitioner's Motion for appointment of counsel should be (#3) should be denied as moot.

This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

3 - FINDINGS AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this $\underline{5}$ day of August, 2008.

Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION